IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EUGENE RODNEY RUSH**                                            **PETITIONER**

**V.**                                     **CIVIL ACTION NO. 3:16CV971 HTW-LRA**

**WILLIAM SOLLIE**                                                  **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pre-trial detainee Eugene Rush filed the instant petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241 on December 19, 2016. Respondent moved to dismiss the petition as moot following the entry of an order of *nolle prosequi* by the Circuit Court of Lauderdale County, Mississippi. Upon review of the pleadings and applicable case law, the Court recommends that the petition should be dismissed for the reasons that follow.

In order for a court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489.

At the time of his federal filing, Rush was awaiting trial in the custody of the Lauderdale County Detention facility. As grounds for relief, he requested to be released from state custody citing the lack of evidence and a violation of his rights to a speedy trial. On April 14, 2017, Respondent moved to dismiss the instant petition with prejudice asserting Petitioner's failure to state a claim upon which relief can be granted or, in the alternative, his failure to exhaust state court remedies. On June 1, 2017, the State of Mississippi moved for an order of *nolle prosequi* in Petitioner's criminal case. The motion was granted and the charge was dismissed without prejudice by the Lauderdale County Circuit Court.

Courts generally consider a prisoner's habeas challenge to be mooted by the release from custody, unless "some concrete and continuing injury" or "collateral consequence" of the conviction exists. *Spencer v. Lemna*, 523 U.S. 1, 7(1998); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987). But when a prisoner merely contests the imposition or duration of his confinement, and not the conviction itself, the case becomes moot when he is no longer confined. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

In a letter to this Court dated June 7, 2017, Petitioner acknowledges that his charges have been dismissed and he has been released from custody. He seeks leave of court to sue for defamation of character, punitive damages, and "lost time" due to his incarceration. Federal habeas relief is not available for such claims. The dismissal of the criminal proceedings against Petitioner renders his federal habeas petition moot. Rush is

no longer in custody and nothing of record indicates that he will suffer a continuing injury or collateral consequence.

For the reasons stated, the undersigned recommends that Respondent's motion to dismiss be granted, and the petition for habeas relief be dismissed as moot. The undersigned additionally recommends that Respondent's motion to dismiss for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust remedies, be denied as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on September 6, 2017.

                                                                     s/ Linda R. Anderson  
                                                UNITED STATES MAGISTRATE JUDGE